IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUD SATCHEL LLC<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC<br><br>　　　　　Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cloud Satchel LLC, by way of Complaint against the above-named Defendant, alleges the following:

## NATURE OF THE ACTION

1.　　This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.　　Plaintiff Cloud Satchel is a limited liability company organized under the laws of the State of Delaware with its place of business at 1220 North Market Street, Suite 806, Wilmington, Delaware 19801.

3.　　Defendant Amazon.com, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 410 Terry Ave, North Seattle, WA, 98109. It may be served process through its Delaware Registered Agent: Corporation Service Company, 2711 Centerville Rd, Ste. 400, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. On information and belief, Defendant is subject to the jurisdiction of this Court by virtue of being incorporated in Delaware. On information and belief, Defendant is also subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State. As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; has purposefully directed activities at residents of this State; and at least a portion of these patent infringement claims arise out of or are related to one or more of the foregoing activities.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

**COUNT I – INFRINGEMENT OF U.S. PATENT No. 5,862,321**

8. The allegations set forth in the foregoing paragraphs 1 through 7 are hereby re-alleged and incorporated herein by reference.

9. On January 19, 1999, United States Patent No. 5,862,321, entitled "System and Method For Accessing And Distributing Electronic Documents," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '321 Patent is attached as Exhibit A to this Complaint.

10. Cloud Satchel is the assignee and owner of the entire right, title, and interest in and to the '321 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

11. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed, and continues to directly infringe, the '321 Patent both literally and under the doctrine of equivalents. Defendant's infringement includes its making, testing, using, importing, selling, and offering to sell certain portable products that control the transport of electronic documents; its making, testing and using its web-based storage system (hereinafter "Accused Storage and Delivery System") which functions with such portable products to store and deliver electronic documents; and its performing methods which involve such portable products and Accused Storage and Delivery System, that practice the subject matter recited in one or more claims of the '321 Patent, including but not limited to claims 1, 15, and 19. Defendant's infringing acts are performed in the United States, including within this Judicial District, without the authorization of Cloud Satchel. The accused portable products include Amazon's Kindle line of eReaders and tablets (collectively "Kindle") as they connect and operate with the Amazon web based networked system, including its cloud storage and the means Amazon employs to store and produce documents from such cloud storage. The accused Kindles include the Kindle Fire HD, the Kindle Fire (1st and 2nd Generations), the Kindle Paperwhite, the Kindle Touch, the Kindle Keyboard, the Kindle DX, and the Kindle (1st and 2nd Generations), plus variations of these models. Defendant infringes by making, testing, and using its Accused Storage and Delivery System, and infringes by making, using, testing, importing, providing, selling, and offering to sell its Kindles. The infringing methods include the method of operating Kindles, including how electronic document references are received and distributed in response to the functioning of the Kindles

with respect to the Accused Storage and Delivery System, and how the Kindles achieve buying, restoring, lending, and borrowing of documents.

12. Cloud Satchel provided actual notice to Defendant of both its direct and indirect infringement of the '321 Patent in a letter sent by Federal Express on May 10, 2013. In that letter, Cloud Satchel informed Amazon that it was infringing the '321 Patent by making, using, selling, offering to sell, and/or importing the eReader and eReader tablet line of products. Cloud Satchel's letter further informed Amazon that the infringing products and services included, but were not limited to, Amazon's Kindle E-Ink line of products, and the Kindle Fire line of products. Cloud Satchel's letter also informed Amazon that Amazon was inducing infringement of the '321 Patent by allowing, encouraging, and training its customers to use the infringing products and services through its advertising, marketing, provision of instruction manuals and materials, and through providing services on Amazon.com for use in conjunction with the infringing products and services, and through otherwise providing special offers, incentives, and features to use the infringing products and services. Cloud Satchel's letter also informed Amazon that it was contributing to infringement of the '321 Patent by selling and offering for sale the infringing products and services. With respect to both induced infringement and contributory infringement, Cloud Satchel's letter informed Amazon that the direct infringers were Amazon's partners and customers.

13. Defendant has had actual knowledge of the '321 Patent and its direct and indirect infringement of that patent since at least the date that Defendant received the May 10, 2013 letter.

14. Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 15, and 19 of the '321 Patent under 35 U.S.C. § 271(b) by,

among other things and with specific intent or willful blindness, actively aiding and abetting others to infringe. These acts, include, but are not limited to, inducing Defendant's Kindle customers, whose Kindle use constitutes direct infringement of at least those claims of the '321 Patent. In particular, Defendant's actions include making, importing, offering to sell, and selling the accused Kindles to its customers. Furthermore, Defendant's providing its User's Guides, training videos, instructions, and on-going help to its customers on how to use Kindles, and otherwise inducing its customers via special offerings, incentives, and features, to use their Kindles to infringe at least claims 1, 15, and 19. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement, because Defendant has had actual knowledge of the '321 Patent and that its acts were inducing its customers to infringe the '321 Patent since at least the date it received the May 10 notice letter.

15. Cloud Satchel has been harmed by Defendant's infringing activities.

16. Cloud Satchel notified Defendant of its direct and indirect infringement of the '321 Patent including an identification of the particular infringing products and features, but Defendant thereafter continued to infringe the '321 Patent by continuing the activities described in Paragraphs 11-14 above. On information and belief, Defendant has not obtained an opinion of counsel regarding infringement or validity with respect to the claims of '321 Patent. Defendant's continued infringement has therefore been in reckless disregard of Cloud Satchel's patent rights. On information and belief, Defendant's infringement has been and continues to be willful.

## COUNT II – INFRINGEMENT OF U.S. PATENT No. 6,144,997

17. The allegations set forth in the foregoing paragraphs 1 through 16 are hereby re-alleged and incorporated herein by reference.

18. On November 7, 2000, United States Patent No. 6,144,997, entitled "System and Method For Accessing And Distributing Electronic Documents," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '997 Patent is attached as Exhibit B to this Complaint.

19. Cloud Satchel is the assignee and owner of the entire right, title, and interest in and to the '997 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement.

20. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '997 Patent by making and using its Accused Storage and Delivery System. This infringement is facilitated by Defendant's making, testing, using, importing, selling, and offering to sell Kindles to its customers, and by its customers operating such Kindles. The Accused Storage and Delivery System is constructed in accordance with one or more claims of the '997 Patent, including but not limited to claim 1. It is made and used in the United States, including within this Judicial District, without the authorization of Cloud Satchel.

21. Cloud Satchel provided actual notice to Defendant of its infringement of the '997 Patent in a letter sent by Federal Express on May 10, 2013. In that letter, Cloud Satchel informed Amazon that it was infringing the '997 Patent by making and using its Accused Storage and Delivery System which interfaced with and operated with Kindles. Cloud Satchel also informed Amazon that the making, using, importing, selling, and offering to sell its Kindles furthered the infringement by the Accused Storage and Delivery System and increased Plaintiff's damages.

22. Defendant has had actual knowledge of the '997 Patent and its infringement of that patent since at least the date that Defendant received the May 10, 2013 letter.

23. Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 1 of the '997 Patent under 35 U.S.C. § 271(b) by, among other things and with specific intent or willful blindness, actively aiding and abetting others to infringe. These acts, include, but are not limited to, inducing Defendant's Kindle customers, whose Kindle use constitutes direct infringement of at least claim 1of the '997 Patent. In particular, Defendant's actions include making, importing, offering to sell, and selling the accused Kindles to its customers. Defendant's actions also include its provision of User's Guides, training videos, instructions, and on-going help to its customers on how to use Kindles, and otherwise inducing its customers via special offerings, incentives, and features, to use their Kindles to infringe at least claim 1. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement, because Defendant has had actual knowledge of the '997 Patent and that its acts were inducing its customers to infringe the '997 Patent since at least the date it received the May 10 notice letter.

24. Cloud Satchel has been harmed by Defendant's infringing activities.

25. Cloud Satchel notified Defendant of its infringement of the '997 Patent including an identification of the particular infringing system and the facilitating products and features, but Defendant thereafter continued to infringe the '997 Patent by continuing the activities described in Paragraph 20 above. On information and belief, Defendant has not obtained an opinion of counsel regarding infringement or validity with respect to the claims of the '997 Patent. Defendant's continued infringement has therefore been in reckless disregard of Cloud Satchel's patent rights. On information and belief, Defendant's infringement has been and continues to be willful.

## JURY DEMAND

Cloud Satchel demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Cloud Satchel respectfully requests that this Court enter judgment for Cloud Satchel and against Defendant as follows:

a. an adjudication that Defendant has infringed one or more claims of the '321 and '997 patents;

b. an award of damages to be paid by Defendant adequate to compensate Cloud Satchel for Defendant's past infringement of any of the '321 and '997 patent claims, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. an injunction ordering Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. an award of treble damages under 35 U.S.C. § 284;

e. a declaration finding this to be an exceptional case, and awarding Cloud Satchel attorney fees under 35 U.S.C. §285; and,

f. for such further relief at law and in equity as the Court deems just and proper.

Dated: May 24, 2013						STAMOULIS & WEINBLATT LLC

/s/ *Stamatios Stamoulis*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Cloud Satchel LLC*