IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUD SATCHEL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-941-SLR |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CLOUD SATCHEL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-942-SLR |
| | ) | |
| BARNES & NOBLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington this $\text}^{30th}$ day of March, 2017, having reviewed plaintiff's motions

for relief from judgment, and the papers filed in connection therewith;

IT IS ORDERED that said motions (Civ. No. 13-941, D.I. 97; Civ. No. 13-942,

D.I. 92) are denied, for the reasons that follow:

1. **Background.** On December 22, 2014, the court entered judgment in favor of

defendants Amazon.Com, Inc. and Barnes & Noble, Inc., and against plaintiff Cloud

Satchel, LLC, having found through a summary judgment motion practice that the

patents in suit in the above captioned cases were patent ineligible under 35 U.S.C. §

101. (Civ. No. 13-941,D.I. 90-92; Civ. No. 13-942, D.I. 85-87) On January 27, 2016,

the Federal Circuit affirmed entry of judgment. (Civ. No. 13-941, D.I. 96; Civ. No. 13-

942, D.I. 91) Plaintiff filed the instant motions in July 2016, arguing that the court's

analyses in its summary judgment decisions had been called into question by three

Federal Circuit cases[1] that issued after the Federal Circuit's affirmance in this case.

2. **Standard of review..** Federal Rule of Civil Procedure 60(b)(6) allows the

court to relieve a party from a final adverse judgment for "'any . . . reason'" other than

those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).[2]

According to the Third Circuit, "for relief to be granted under Rule 60(b)(6), 'more' than

[a] concededly important change of law . . . is required - indeed, much 'more' is

required. Ultimately, as with any motion for 60(b)(6) relief, what must be shown are

'extraordinary circumstances where, without such relief, an extreme and unexpected

hardship would occur.'" *Id.* at 115 (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140

(3d Cir. 1993)). "'The fundamental point of 60(b)(6) is that it provides 'a grand reservoir

of equitable power to do justice in a particular case;'" however, the Third Circuit has

---

[1]*Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016); *BASCOM Global Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016); and *Rapid Litigation Mgt. v. CellzDirect, Inc.*, 827 F.3d 1042 (Fed. Cir. 2016).

[2]Plaintiff relied on Third Circuit case law, consistent with the Federal Circuit's practice of applying the law of the regional circuit when reviewing non-patent issues. *See Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002). Although arguably Federal Circuit precedent should govern this dispute, as the resolution "turns on substantive issues unique to patent law," *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013), the Federal Circuit itself has relied on the law of other circuits when considering Rule 60(b)(6) motions. *See, e.g., id.* at 1293.

"consistently articulated . . . that intervening changes in the law **rarely** justify relief from final judgments under 60(b)(6)." *Cox*, 757 F.3d at 121 (emphasis in original) (citations omitted).  The Third Circuit has directed that courts employ "a flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into accout all the particulars of a movant's case." *Id.* at 122.  "The grant or denial of a Rule 60(b)(6) motion is an equitable matter left, in the first instance, to the discretion of a district court." *Id.* at 124.

      3. **Analysis.**  The court recognizes at the outset that the § 101 determination of patent ineligibility stripped plaintiff's patents of their value.  The court recognizes as well that the § 101 jurisprudence has been an evolving one.  Nevertheless, the Federal Circuit itself reviewed and affirmed the court's § 101 determination at bar, and none of the Federal Circuit decisions identified by plaintiff are *en banc* decisions or are characterized as changing the § 101 legal framework by the panels that decided them.  Instead, these cases simply reflect the reality that different panels may describe, interpret and/or apply existing precedent differently in light of different facts.[3]  The Federal Circuit decisions identified by plaintiff are the kind of "intervening developments in the law" that result from our system of common law, and plaintiff has failed to adduce evidence that the Federal Circuit's pronouncement of invalidity was either an extreme or unexpected hardship.  In short, the facts of record do not constitute the kind of extraordinary circumstances that warrant the exercise of the court's equitable

---

     [3]The "new" Federal Circuit cases, then, are an even less persuasive "intervening change in the law" than the new Supreme Court case examined in *Cox,* which was described by the Third Circuit as a "remarkable" change in the law. *See Cox*, 757 F.3d at 124.

discretion.

      4. **Conclusion.** For the reasons stated, plaintiff's motions for relief filed

pursuant to Fed. R. Civ. P. 60(b)(6) are denied.


_____
Senior United States District Judge